# STATE OF VERMONT

## SUPERIOR COURT — ENVIRONMENTAL DIVISION

|  |  |
|---|---|
| In re Lathrop Limited Partnership I<br>(Appeal of Rueger, et al.) } | Docket No. 122-7-04 Vtec<br>(appeal from conditional use approval) |
| ******************************************************************************* | |
| In re Lathrop Limited Partnership II } | Docket No. 210-9-08 Vtec<br>(appeal from conditional use denial) |
| ******************************************************************************* | |
| In re Lathrop Limited Partnership Act 250 } | Docket No. 136-8-10 Vtec<br>(appeal from District 9 Environmental<br>Act 250 Commission) |

## Decision on Supplemental Pre-Trial Motion

At issue in these three consolidated appeals is whether Lathrop Limited Partnership ("Applicant") should be granted conditional use approval pursuant to the Town of Bristol Zoning Bylaws and Regulations ("Bylaws") and a state land use permit pursuant to 10 V.S.A., Chapter 151 (commonly known as "Act 250") for its proposed gravel extraction project. While the parties contest the extent of similarity among the three applications that Applicant has submitted—two conditional use applications and an application for a state land use permit—all versions of the proposed development involve the extraction of gravel from an approximately 65-acre tract of land that abuts South Street and Rounds Road in the Town of Bristol.

Currently before the Court is a motion that includes three requests: a request for partial summary judgment, motion in limine, and request for reconsideration. The pending motion was submitted on behalf of seven parties involved in these appeals: John Moyers, Russell and Mary Anne Rueger, Kevin Harper, Kelly Laliberte, Naomi Drummond, and Randall Freeman.

All seven moving parties are represented by James A. Dumont, Esq. ("Movants"),[1] the Applicant, who is represented by Mark G. Hall, Esq., is a party in all of the appeals and has filed a responsive memorandum opposing Movants' multi-pronged motion. The

---

[1] Six of the seven moving parties are represented by Attorney Dumont in all three pending appeals. Kelly Laliberte is not a party in the appeal of the first conditional use decision issued by the ZBA, Docket No. 122-7-04 Vtec.

1

other parties involved in these appeals have chosen not to file responses to the pending motion. These parties include the Town of Bristol ("Town"), represented by Joseph S. McLean, Esq.; Donald and May Morris,[2] represented by James W. Runcie, Esq.; Jill Mackler, John Pickens, John Pandiani, Maria Peabody, Claire Wallace, Caroline and Carl Engvall, Shelia McGrory-Klyza, Chris Klyza, Sue Small, and George Landis,[3] all represented by James A. Dumont, Esq.; Carolyn Dudon, Pam Fogg, Rhineholdt Lange, Kendra and Tim Gratton, Peter Myer, Katie Raycrof, and Andrew Jackson,[4] all represented by Andrew M. Jackson, Esq.; and David and Susan Folino, Sandra Murphy, Sally and Charles Mammen, Eric Neal, Paul Ralston, John Elder, David Durgin, and Bruz Brown, who are each self-represented.[5]

## Factual Background

For the sole purpose of putting the pending motions into context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1. Applicant has proposed the development of a gravel extraction project on an approximately 65-acre tract of land that abuts South Street and Rounds Road in the Town of Bristol.

2. Applicant first submitted an application related to the project to the Town of Bristol Zoning Board of Adjustment ("ZBA") for conditional use approval, and the ZBA issued approval on July 6, 2004. A number of individuals, including some of the Movants here, appealed that decision; their appeal was assigned Docket No. 122-7-04 Vtec.

3. Applicant later submitted a second application related to the project to the ZBA for conditional use approval. The site plan submitted in support of this second application differed from that referenced in the first application in at least one respect: the access road into the extraction area approached from the south, and away from the downtown area of Town, whereas the first site plan included an access road that approached the extraction area from the north, which was closer to the downtown area. Lathrop represents that it

---

[2] The Morrises are parties in the second conditional use appeal, Docket No. 210-9-08 Vtec, and the appeal of the District Commission's decision, Docket No. 136-8-10 Vtec, but not the first conditional use appeal, Docket No. 122-7-04.

[3] John Pickens and John Pandiani are parties in all three pending appeals. Jill Mackler is a party in the first conditional use appeal and appeal of the District Commission's decision. Maria Peabody is a party in the second conditional use decision issued by the ZBA, Docket No. 210-9-08 Vtec only. Claire Wallace, Caroline and Carl Engvall, Shelia McGrory-Klyza, Chris Klyza, Sue Small, and George Landis are parties in the appeal of the District Commission's decision only. These parties are represented by the same attorney as Movants, Attorney Dumont, but they did not participate in the filing of the pending motion.

[4] All eight of these parties are only parties in the first conditional use appeal.

[5] David and Susan Folino are parties in all three of the pending appeals. Sandra Murphy and Sally and Charles Mammen are parties to the second conditional use appeal and the appeal of the District Commission decision. Eric Neal, Paul Ralston, John Elder, and David Durgin are parties to the first conditional use appeal only; Bruz Brown, to the second conditional use appeal only.

redesigned the access road and moved it farther away from the downtown area in response, at least in part, to concerns expressed by some parties here.

4. The ZBA denied Lathrop's second conditional use application on September 18, 2008. Applicant subsequently appealed that second ZBA determination to this Court, which assigned Docket No. 210-9-08 Vtec to the appeal.

5. Applicant also submitted an Act 250 land use permit application related to the project to the District 9 Environmental Commission ("District Commission"). The District Commission denied the application on July 27, 2010; Applicant's appeal of that determination was assigned Docket No. 136-8-10 Vtec.

6. The parties dispute how the proposed extraction area should be characterized. Movants describe it as a "pit," and that characterization has some import under the Bylaws. Applicant disputes that "pit" is a proper characterization of its extraction area and suggests that the area is more "saucer-like" in character.

7. The parties also dispute whether, in the various applications, Applicant proposed the removal of a portion of the earthen mounds that form the edge of the "pit" or "saucer." Applicant contends that it presented evidence to both the ZBA and District Commission of a possible lowering or removal of part of the earthen berm, as part of a possible remediation and reclamation plan and in response to concerns that the extraction area would form a "pit" at the end of its operations. Movants contest that such a presentation was included with any of the applications.

8. In an Entry Order issued on December 8, 2010 we granted Applicant's motion to consolidate the three appeals.

## Discussion

Applicant sought both conditional use approval from the ZBA and a land use permit from the District Commission as authority to initiate a gravel extraction project on an approximately 65-acre tract of land that abuts South Street and Rounds Road in Bristol, Vermont. Applicant's submissions to the ZBA and District Commission are the subject of these three consolidated appeals pending before the Court. These appeals followed three decisions: the ZBA's July 6, 2004 grant of conditional use approval to Applicant; the ZBA's September 18, 2008 denial of conditional use approval to Applicant on its second application; and the District Commission's July 27, 2010 denial of an Act 250 land use permit to Applicant. Six of the Movants here, as well as nineteen others, listed above, have appealed the July 6, 2004 conditional use approval; Applicant has appealed the latter two determinations.

3

Currently before the Court is a combined motion for partial summary judgment, motion in limine, and request for reconsideration. We first address the motion in limine and then turn to the remainder of Movants' motion, which requests summary judgment based on an array of constitutional grounds and also seeks reconsideration of the Court's Decision of August 14, 2009 in Docket No. 210-9-08 Vtec.

## I. Motion in Limine

Movants' motion requests an order in limine to exclude from trial evidence "about removal of berms and use of [Applicant's] property once one or more berms are removed." (See Mem. in Support of Mot. for Summ. J. 13, filed Nov. 19, 2010.) Movants argue that the Court does not have jurisdiction to hear such evidence because Applicant's Act 250 land use permit application did not include removal of berms, and Applicant did not submit evidence to the District Commission about berm removal.

When we conduct a de novo review of a state land use permit application, we examine the application anew. Our authority is as broad as that of the District Commission, but no broader; we have the same jurisdictional limits as those the District Commission enjoyed when considering the application. See In re Killington, Ltd., 159 Vt. 206, 214 (1992); In re Torres, 154 Vt. 233, 235–36 (1990); V.R.E.C.P. 5(g). Included in this authority is the ability to consider minor revisions to a project plan that lie within the confines of the application. This Court's review of a municipal land use application that includes minor revisions has been deemed appropriate by our Supreme Court. See In re Sisters and Brothers Inv. Group, LLP, 2009 VT 58, ¶¶ 20–21, 186 Vt. 103. We consider that precedent analogous to the legal issue presented in the Act 250 appeal now before us. See In re Hildebrand, 2007 VT 5, ¶ 17, 181 Vt. 568 (approving the application of a procedural rule from Act 250 jurisprudence in the context of municipal land use regulation).

The precedent applicable to the pending appeals holds that a court can hear evidence involving changes from an applicant's original proposal so long as the changes do not materially alter the application. Without such authority, we would stifle the ability of applicants to respond to the concerns expressed by interested persons, since any change would trigger remand, creating a "procedural ping-pong match" rather than final resolution. Sisters and Brothers Inv. Group, 2009 VT 58, ¶ 21. The Supreme Court rejected this rigid interpretation of when a change in a plan necessitates a new application by characterizing the project opponents' assertion as a "heads-I-win-tails-you-lose approach" to land use review. Id. For those same reasons, we decline to adopt such a

4

rigid standard for reviewing the state land use permit application at issue in these consolidated appeals.

Here, Applicant alleges, through first-person representations in affidavit format, that the proposal it submitted to the District Commission <u>did</u> include a remediation plan that involved the "option" of berm removal. (Matosky Aff. ¶ 16, filed Dec. 23, 2010; see Lathrop Limited Partnership's Statement of Disputed Material Facts ¶ 28, filed Dec. 23, 2010.) Thus, while Movants present their own representation of what was said or was not said during the District Commission proceedings, we must consider Applicant's representations as true, at least for the purpose of considering the pending motion. See <u>Wilcox v. Village of Manchester</u>, 159 Vt. 193, 196 (1992) ("nonmoving party is entitled to the benefit of all reasonable doubts and inferences in determining whether a genuine issue of material fact exists") (citation omitted).[6]

Even if berm removal was not explicitly discussed before the District Commission, or if only scant evidence was presented about the topic, Movants have not made a compelling argument that inclusion of berm removal in Applicant's proposal materially alters its Act 250 land use permit application, thereby making berm removal beyond our authority to consider. Applicant contends that its project meets the requirements of Act 250, as well as the Town's zoning ordinance, without berm removal. Applicant indicates that it has proposed berm removal as a potential option for remediation or as a permit condition, should a decision-maker find that such condition is necessary to conclude that its gravel extraction plans conform to the state and municipal land use regulations. On this point, the Supreme Court precedent from <u>Sisters and Brothers Investment Group</u> is controlling: we conclude that the suggested berm alterations do not materially change the nature of the Act 250 or conditional use applications before us. Thus, we conclude that we are authorized to consider such suggestions, even if they were not presented below.

We conclude that the berm removal was either presented to the District Commission and is therefore within our authority to consider, or that it can be considered for the first time by this Court on appeal because it does not constitute a material change in the nature of application. We find Movants' arguments unpersuasive and conclude that it would be imprudent to exclude from any upcoming merits hearing evidence regarding berm removal. Should a trial commence, we will examine the evidence presented to the Court in the context of answering the questions presented in these consolidated appeals—

---

[6] We cite to <u>Wilcox</u> for authority here, even though we are considering a claim that Movants characterize as a request for a limiting instruction, because Movants' request is more appropriately characterized as one for partial summary judgment pursuant to V.R.C.P. 56(d) on the issue of whether Applicant may be prohibited as a matter of law from presenting evidence concerning berm removal.

speaking broadly, whether Applicant's land use permit application complies with the requirements of Act 250 and whether either or both of Applicant's conditional use applications comply with the Town Bylaws. Movants remain free to raise specific evidentiary objections during any upcoming merits hearing. We thus **DENY** Movants' request that we prohibit Applicant from presenting evidence at trial about berm removal.

## II. Motion for Partial Summary Judgment

The majority of the remainder of Movants' motion seeks partial summary judgment, requesting that the Court preclude Applicant from seeking approval of any proposal involving berm removal and find for Movants in Docket No. 122-07-04 Vtec, the appeal of the ZBA's July 6, 2004 grant of conditional use approval for the first of its two conditional use applications.[7] Movants make three principle arguments for granting their request. First, they argue that the Court should apply the principle of judicial estoppel and find that the Applicant is wasting the Court's and Movants' time and resources through the submission of multiple, conflicting project proposals. Second, they argue that Applicant's submissions create unconstitutional delay. Third, they argue that the Court cannot consider Applicant's submissions because they do not present a justiciable case or controversy and considering them would yield improper advisory opinions. Because we ultimately reject each of these three arguments, for the reasons detailed below, we **DENY** Movants' motion for partial summary judgment.

In resolving motions for summary judgment, the Court can only issue judgment in favor of a party if the record shows both that "there is no genuine issue as to any material fact" and that one of the parties is "entitled to judgment as a matter of law." V.R.C.P. Rule 56(c)(3); Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. When determining whether there are disputed material facts, the Court is directed to "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and to give the non-moving party the benefit of all reasonable doubts and inferences. Id. (citations omitted). We apply these standards to Movants' motion for partial summary judgment.

It appears that the premise behind all three of Movants' arguments is that an applicant cannot propose multiple project applications for a single location within a piece of property. We are unable to find authority supporting this legal theory. An applicant is not obligated to complete a project after obtaining an approval; the applicant simply retains the ability to do so for the life of the applicable permit. After obtaining approval for

---

[7] We note that one of the moving parties, Kelly Laliberte, is not a party in the first conditional use appeal and thus cannot make this motion. The other six Movants, are, however, parties in Docket No. 122-07-04 Vtec.

6

a project, an applicant might conclude that the project is no longer economically viable or is otherwise unwise. We know of no authority restricting an applicant from submitting for approval, either concurrently or consecutively, two or more conflicting land use project proposals before a single permitting body or multiple permitting bodies.

Land use permits only restrict an applicant who chooses to commence the project for which the permit has been issued. The only restriction to submitting another application arises after a permit application has been denied: in that instance, an applicant is prohibited from submitting an application that is substantially similar to the one that was denied. See In re Armitage, 2006 VT 113, ¶¶ 8–9, 181 Vt. 241 (discussing the successive application doctrine which bars the resubmission of municipal permit applications or those that are substantially the same); In re JLD Properties –Wal-Mart St. Albans, Nos. 242-10-06 Vtec, 92-5-07 Vtec, and 116-6-08 Vtec, slip. op. at 12–14 (Vt. Envtl. Ct. Mar. 16, 2009) (Durkin, J.) (finding the successive application doctrine applicable to Act 250 land use permit applications).[8]

Addressing each of Movants' three arguments in turn, the first asks that the Court apply judicial estoppel. Not only has our Supreme Court been hesitant to adopt the principal of judicial estoppel, see, e.g., Hathaway v. Tucker, 2010 VT 114, ¶ 35 n10,[9] it is not applicable here. As discussed in one of the cases cited by Movants, Boivin v. Town of Addison, judicial estoppel is a principle that prevents a party who has successfully taken a particular legal position from subsequently changing that position during the pendency of litigation. 2010 VT 67, ¶ 18 n3 (mem.). The analogy that Movants attempt by invoking the doctrine of judicial estoppel is misplaced.

Movants have not made any allegations regarding a legal position Applicant has changed. Instead, Movants appear to be arguing that Applicant's submission of two conditional use applications and an Act 250 land use permit application involves at least two conflicting project proposals, one with berm removal and one without, and that asking the Court to consider multiple, conflicting proposals wastes the Court's and Movants' time and resources. (See Mem. in Support of Mot. for Summ. J. 3–4, filed Nov. 19, 2010). As explained above, however, Applicant is not restricted in terms of its ability to submit more

---

[8] While this case is currently on appeal with the Supreme Court, an earlier Environmental Board decision applied the doctrine of res judicata to reach a similar conclusion. See Re: Berlin Assocs., No. 5W0584-14-EB, Mem. of Decision, at 6 (Vt. Envtl. Bd. Jan. 10, 1992) (indicating that the "doctrine of res judicata requires that [a] new [land use permit] application be substantially different from prior applications" and concluding that the applicant had "changed the application significantly enough that it should be accepted and reviewed by the District Commission as a new application").

[9] In the very cases Movants cite, our Supreme Court both declined to officially adopt judicial estoppel and found it inapplicable to the facts in the case. See Boivin v. Town of Addison, 2010 VT 67, ¶ 18; In re Chittenden Solid Waste Dist., 2007 VT 28, ¶ 29.

than one project application to a single permitting body (the ZBA) or multiple permitting bodies (the ZBA and District Commission). If, as Movants propose, the applications do differ substantially from each other, that does not amount to a prohibited change in legal position. Additionally, as discussed in Section I above, within the confines of each individual application, Applicant can propose minor revisions to the Court. See Sisters and Brothers Inv. Group, 2009 VT 58, ¶¶ 20–21. The differences in Applicant's proposals here, if in fact there are actual differences, appear motivated to assuage concerns expressed in the land use proceedings below. In that regard, the changes made are much like the changes made to the proposed project in Sisters and Brothers Investment Group. Just as the Supreme Court concluded there, the project revisions here appear not so significant as to necessitate a new application.

Second, Movants argue that two separate provisions of the Vermont Constitution are violated by Applicant's submission of permit applications with conflicting project proposals. Movants argue that Applicant has unnecessarily delayed resolution of the issues before the Court through its submission of multiple, conflicting proposals, thereby violating the Vermont Constitution Chapter I, Article IV and Chapter II, Section 28. Chapter I, Article IV includes the declaration that "[e]very person within [Vermont] ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs . . . ; every person ought to obtain right and justice, freely . . . ; completely and without any denial; promptly and without delay; comformably to the laws." Chapter II, Section 28 states that "justice shall be therein [in the courts] impartially administered, without corruption or unnecessary delay."

We disagree that Applicant is creating a constitutional violation by seeking approval of more than one project application, and we find none of the case law cited by Movants applicable here. The basis of Movants' argument appears to be that by proposing revisions as remedies to expressed concerns, Applicant has committed an unconstitutional delay. We find no such delay here. Complex projects take time to review, and the submission of one or more revisions to a proposed project, particularly in response to concerns expressed during the proceedings, does not constitute an impermissible delay. As we stated above, Applicant has the ability to submit, concurrently or consecutively, more than one application for a single location within a piece of property. In these consolidated proceedings, particularly when viewing the material facts in a light most favorable to Applicant, the inclusion or omission of berm removal procedures as a remediation

8

measure does not constitute a material change that would restrict our authority to consider such options or conditions in these land use application proceedings.[10]

Finally, Movants argue that they are entitled to judgment as a matter of law because the Court would be issuing prohibited advisory opinions in ruling on any of Applicant's three applications. Movants explain that Applicant's three applications present multiple, conflicting project proposals that create a "smorgasbord of options" and make them unripe for review. (See Mem. in Support of Mot. for Summ. J 5–7, filed Nov. 19, 2010). Again, we disagree with Movants' characterization of Applicant's submission of these three applications.

We first note that all of the Movants here raised this same argument in a previous motion to dismiss filed in 2008 in the second conditional use appeal, Docket No. 210-9-08 Vtec. There, Movants sought dismissal of the appeal based on differences between Applicant's two conditional use applications. In an Entry Order dated November 18, 2008, we denied that motion, stating that "we are not aware of any prohibition in state law or case law precedent against multiple development proposals being pursued by a property owner." In re Lathrop Limited Partnership II, No. 210-9-08 Vtec (Vt. Envtl. Ct. Nov. 18, 2009) (Durkin, J.). We reach the same conclusion here.

We rejected a similar argument to that Movants make here in In re Appeals of Wesco, Inc. where we determined that neither a municipal panel nor the Court would be issuing an advisory opinion by ruling on a project proposal that substantially differed in content and circumstance from a previous proposal that had been denied. Nos. 152-7-02 Vtec, 6-1-03 Vtec, and 207-10-05 Vtec, slip op. at 20–21 (Vt. Envtl. Ct. June 29, 2006). In that Decision, we stated that there is "no prohibition on the submission of more than one development proposal for the same property." Id. at 21. In the case before us, Applicant is not prohibited from submitting more than one application for its property, and, as a consequence, the Court will not be issuing an advisory opinion following its review of each application.

The constitutional directive that an actual case and controversy be presented to a court, lest it render an impermissible advisory opinion, is met here because we have before us actual land use applications that are subject to dispute. These appeals differ from a situation where an applicant merely asks a court for its opinion on a proposal that involves hypotheticals that may or may not exist when the applicant files its application in

---

[10] Movants also suggest that the changes presented by Applicant address future use of the extraction site, including residential use. That is an unduly broad characterization of any of the pending applications; no such future use is under consideration in these proceedings.

9

the future.  Our Supreme Court considers such practice to be an impermissible request for an advisory opinion.  See In re Appeal of 232511 Invs., Ltd., 2006 VT 27, ¶ 19, 179 Vt. 409.  Applicant here has not followed that practice; it has presented actual applications and is entitled to their review by this Court.

We also do not have before us any hypothetical proposals that were never reviewed below, as was the situation in the cases Movants cite.  See In re Bennington School, Inc., 2004 VT 6, ¶¶ 18–19, 176 Vt. 584; Appeal of 232511 Invs., Ltd., 2006 VT 27, ¶¶ 18–19. Movants do not refute that each application was reviewed by the appropriate panel, either the ZBA or District Commission.  The proposed projects Applicant now seeks to present to this Court are most accurately characterized as including nothing more than minor revisions to its prior applications.  Each application now before us is ripe for review; there is no application before the Court that would require us to issue an advisory opinion.

Because we reject each of Movants' arguments, we **DENY** Movants' request for partial summary judgment in any of the pending Dockets.  In so ruling, we conclude that Applicant may present evidence involving berm removal in each appeal.

### III.     Request for Reconsideration

Movants also request that the Court reconsider its August 14, 2009 Decision issued in Docket No. 210-9-08 Vtec, wherein we denied summary judgment on the question of whether Applicant's second conditional use application complies with § 526(2) of the Town Bylaws.  In our August 14, 2009 Decision, we found that the record contained "highly disputed facts" and provided a good example of a situation where summary judgment was inappropriate.  In re Lathrop Limited Partnership II, No. 210-9-08 Vtec, slip op. at 4 (Vt. Envtl. Ct. Aug. 14, 2009) (Durkin, J.).  Movants now argue, in the alternative, that either the legal issue should be reconsidered or that it should be bifurcated from the trial and set for a separate hearing.  We see no basis warranting a reconsideration and reversal of our prior determination and therefore **DENY** Movants' request for reconsideration or bifurcation.

While the Court has no specific authorization to hear requests to "reconsider" a decision, we treat such requests as motions to alter or amend an order under V.R.C.P. 59(e).  See Campbell v. Stafford, 2011 VT 11, ¶ 17 (mem.); see also V.R.E.C.P. 5(b).  Such motions must be filed with the court within 10 days, V.R.C.P. 59(e), and their resolution is within the Court's discretion, Rubin v. Sterling Enterprises.  164 Vt. 582, 588 (1996) (citing In re Kostenblatt, 161 Vt. 292, 302 (1994)).  We recognize four basic functions of a motion to alter or amend: (1) to "correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously

unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1; see also Drumheller v. Drumheller, 2009 VT 23, ¶ 29, 185 Vt. 417 ("Vermont Rule 59(e) is substantially identical to Federal Rule of Civil Procedure 59(e), and we have looked to federal decisions interpreting the federal rule for guidance in applying the Vermont rule"); In re Moore Accessory Structure Permit, No. 161-8-09 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Feb. 17, 2011) (Wright, J.).

Here, Movants' request was filed well beyond the 10-day limit. We would be at a great disadvantage in reexamining an issue determined a year and a half ago. Further, Movants have put forth no information or argument that illuminates a grave injustice done to Movants that justifies our alteration or amendment of that prior determination.

Movants' specific contentions are that there is no longer a factual dispute regarding whether Applicant's second conditional use application discussed berm removal, one of the issues raised in the original motion, and that the Court made a mistake in how it interpreted the applicable Bylaws. Even if the parties have now reached agreement as to the contents of the second conditional use application—and it is not clear they have—we do not find such agreement to be sufficient grounds for us to revise our previous decision. While we encourage parties to find common ground during their preparation for a merits hearing, we discourage a refiling of pre-trial motions, unless a substantive set of material facts has later been determined to no longer be disputed. In addition, Movants' legal arguments regarding interpretation of the Bylaws is best described as a disagreement with the Court's analysis, rather than the presentation of a manifest error of law. Even if Movants had timely filed their motion to alter or amend, such disagreement would not be grounds for reconsideration. See, e.g., In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.).

We also decline to bifurcate, and hold a separate hearing on, the issue addressed in our previous summary judgment decision. In an Entry Order dated December 8, 2010, we consolidated for trial the three applications now pending before the Court. In re Lathrop Limited Partnership, Nos. 122-7-04 Vtec, 210-8-08 Vtec, and 136-8-10 Vtec (Vt. Envtl. Ct. Dec. 8, 2010) (Durkin, J). The reasoning included therein, that a single consolidated trial can provide a "more efficient, expeditious, and less costly process than separate trials," still applies. Id. The Court is familiar with complex cases involving multiple applications and regulations and disagrees that separate hearings would be more advantageous. Having found no reason to reconsider our previous decision or bifurcate the pending legal issues, we **DENY** the remainder of Movants' motion.

## <u>Conclusion</u>

For all of the reasons more fully discussed above, we **DENY** each of the prayers for relief included in Movants' November 19, 2010 motion.

Done at Berlin, Vermont, this 12th day of April 2011.

_____
Thomas S. Durkin, Judge